UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOM FISCHER, an individual,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY, a corporation; STATE FARM INSURANCE COMPANIES, a corporation; and DOES 1 through 20,

    Defendants.

CASE NO. C05-1487RSM

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

    This matter is before the Court for consideration of the parties' cross-motions for summary judgment. Oral argument was heard on March 20, 2006, and the arguments and submissions of the parties have been fully considered. For the reasons set forth below, the Court shall grant defendants' motion for summary judgment and deny plaintiff's cross-motion for summary judgment.

## FACTUAL BACKGROUND

    Plaintiff Thom Fischer, insured under a homeowners policy issued by State Farm Fire and Casualty Company ("State Farm"), was sued by Donna MacKenzie after a sexual encounter which the plaintiff characterized as consensual and Ms. MacKenzie described as rape. At trial, the jury found both parties negligent, and awarded damages to Ms. MacKenzie in the amount of one hundred and ten thousand dollars. Plaintiff sought defense and indemnity under a homeowner's policy issued by defendant State Farm, but the insurer denied coverage under the terms of the policy. Plaintiff filed suit in

ORDER ON CROSS-MOTIONS FOR
SUMMARY JUDGMENT - 1

Whatcom County Superior Court, claiming breach of the duty of good faith and fair dealing, and raising additional claims of Consumer Protection Act violation, negligence, breach of contract, and outrageous conduct. Defendants removed the action to this Court on the basis of diversity, pursuant to 28 U.S.C § 1441(b).

The dispute arose from the following events:

In 1997, plaintiff and Ms. MacKenzie met in Skagway, Alaska, where both were employed at the time. They met several times, including going helicopter skiing together. Ms. MacKenzie told plaintiff that he could come see her sometime at her house, which she shared with several other employees of the Red Onion Saloon, where she worked. She told plaintiff that if she were in her room she might not hear him knock on the door, so he should just let himself in and come upstairs. If Ms. MacKenzie's door was closed, that meant that she did not want to be disturbed. On one occasion, plaintiff entered Ms. MacKenzie's house and went upstairs to find her with another man, whom plaintiff assumed was Ms. MacKenzie's boyfriend. Plaintiff then left the house. The following day he saw Ms. MacKenzie at the saloon and he reminded her that she should keep her door closed if she did not want to be disturbed.

On the evening of May 27, 1997, plaintiff ran into Ms. MacKenzie in another bar and they danced together. He asked her if he could come over later, to which she replied that he was welcome to come, but she probably would not be there. Plaintiff then told her that he would see her later. When plaintiff arrived at Ms. MacKenzie's home, he let himself in and found her door open, so he went in and lay down with her on the bed. They spoke briefly and then began to engage in sexual intercourse. After a period of time, Ms. MacKenzie suddenly stopped, sat up, and asked plaintiff a series of questions about how he got there and where he had parked. She then asked plaintiff to leave, which he did.

After talking with her house mates and friends, Ms. MacKenzie went to the police and told them she had been raped by plaintiff. During the course of the investigation, plaintiff gave a statement describing the incident and claiming that the sex was between two consenting adults. The police investigated and decided not to file any criminal charges. Ms. MacKenzie then filed a civil suit in Whatcom County Superior Court against plaintiff, alleging in the alternative that plaintiff's conduct was either an intentional assault, or negligence.

ORDER ON CROSS-MOTIONS FOR
SUMMARY JUDGMENT - 2

At the conclusion of the civil trial, the jury returned a special verdict, finding that plaintiff did not engage in sexual contact with Ms. MacKenzie without her consent. However, the jury found that plaintiff was negligent, and that his negligent actions were the proximate cause of Ms. MacKenzie's injuries and damages. The jury also found that Ms. MacKenzie was herself negligent, and her negligence was similarly the proximate cause of her injuries and damages. In determining the percentage of each party's negligence, the jury found plaintiff to be 60% negligent, and Ms. MacKenzie to be 40% negligent. The trial court thus reduced Ms. MacKenzie's damages in proportion to her own negligence, and awarded her $66,000 in damages, plus interest and attorney's fees.

Plaintiff asked for judgment as a matter of law, arguing that the jury verdict of negligence was inconsistent with the finding that Ms. MacKenzie had given consent to the sexual act. The trial court denied the motion and plaintiff appealed. He did not, however, provide a trial transcript to the appellate court to demonstrate that there were no facts which could support the verdict. The appeals court therefore assumed that the facts presented did support the verdict, and adopted Ms. MacKenzie's argument that "it is possible that the jury believed she gave consent under the mistaken belief that her boyfriend, not Fischer, had climbed into her bed." *MacKenzie v. Fischer*, 2004 WL 2378414 at *2 (Wash. App. 2004) (unreported decision). Thus, the court concluded, the verdict was not inconsistent because "the jury could find that Fischer did not engage in sexual contact with MacKenzie without consent, but still find that Fischer was negligent." *Id.* No further appeal was taken.

On several occasions during the proceedings leading up to the civil trial, plaintiff informed State Farm of his civil suit and his belief that State Farm had a duty to defend him under his homeowners policy. State Farm investigated the claim and informed plaintiff that the event did not qualify for coverage because sex, whether consensual or not, did not constitute an "accident" and therefore was not a covered "occurrence" under the policy. Subsequently, plaintiff filed the present suit against State Farm, seeking damages for bad faith, Consumer Protection Act violation, breach of contract, negligence, and outrageous conduct, as well as a declaratory judgment that the policy provides coverage regarding claims brought against plaintiff by Ms. MacKenzie.

State Farm has moved for summary judgment on all plaintiff's claims on the grounds that Ms.

ORDER ON CROSS-MOTIONS FOR
SUMMARY JUDGMENT - 3

MacKenzie's claim against plaintiff was not an occurrence covered under the policy, and that the applicable statutes of limitations have expired. Defendants argue that no insurance coverage exists because sexual relations do not constitute an "accident" under the terms of plaintiff's policy. Defendants also argue that there is no evidence to support plaintiff's claims for bad faith, Consumer Protection Act violation, breach of contract, negligence, or outrageous conduct. Finally, defendants argue that plaintiff's claims are barred by Washington statutes of limitations. In response, plaintiff argues that the sexual encounter was an "accident" as that term is defined in Washington State, and as it is defined in other jurisdictions. Plaintiff also contends that his claims for bad faith, Consumer Protection Act violation, breach of contract, negligence, and outrageous conduct are not time barred because the statute of limitations did not begin to run until after final judgment was entered on the underlying action.

## LEGAL ANALYSIS

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The Court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyeres*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 257. Mere disagreement, or the bald assertion that a genuine issue of material fact exists, no longer precludes the use of summary judgment. *See California Architectural Blgd. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

Genuine factual issues are those for which the evidence is such that "a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. Material facts are those which might affect the outcome of the suit under governing law. *See id.* In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747).

ORDER ON CROSS-MOTIONS FOR
SUMMARY JUDGMENT - 4

I. <u>Statute of Limitations</u>.

One basis for defendants' motion for summary judgment is the argument that plaintiff's claims are barred by the applicable statute of limitations. Defendants assert that the appropriate statute of limitations for insurance contracts is six years. While that is correct, defendant's argument does not take into account the date the statute began to run. When an insured brings an action against an insurance company for breach of its duty to defend, the insured's cause of action accrues for the purposes of the statute of limitations on the date when the judgment against the insured becomes final. *Bush v. Safeco Ins. Co. of America*, 23 Wn.App. 327 (1979).

Here, although the sexual encounter between plaintiff and Ms. MacKenzie occurred in 1997, she did not file her civil suit until 1998, and the matter came to trial in 2002. The jury's verdict was dated July 8, 2002. Final judgment after appeal was not entered until September 2, 2005. Plaintiff's action filed June 27, 2005, was thus timely.

II. <u>Claim for Declaratory Relief as to Coverage under the Policy</u>.

The interpretation of an insurance policy is an issue of law. *Schwindt v. Underwriters at Lloyd's of London*, 81 Wn.App. 293, 298 (1996). The language in an insurance policy should be interpreted in the way it would be understood by an average person and in a manner that gives effect to each provision. *McDonald v. State Farm Fire and Cas. Co.*, 119 Wn.2d 724, 733 (1992). Where policy language is ambiguous, the policy is construed in favor of the insured. *Smith v. Continental Cas. Co.*, 128 Wn.2d 73, 79 (1995).

Plaintiff was insured by State Farm under homeowners policy form FP-7925. Liability coverage under that policy extends to events that qualify as an "occurrence." The policy specifically provides:

> If a claim is made or a suit is brought against an insured for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence**, we will:
>
> > 1. pay up to our limit of liability for damages for which the **insured** is legally liable; and
> >
> > 2. provide a defense at our expense by counsel or our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment resulting from the occurrence, equals our limit of liability.

ORDER ON CROSS-MOTIONS FOR
SUMMARY JUDGMENT - 5

(Dkt. #11, Ex. 13 at 14-15) (emphasis in original). The policy also provides a definition for the term "occurrence":

> "occurrence", when used in Section II [liability coverages] of this policy, means an accident, including exposure to conditions, which results in:
>
> a. **bodily injury**; or
>
> b. **property damage**;
>
> during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one **occurrence**.

(Dkt. #11, Ex. 13 at 2) (emphasis in original).

Bodily injury includes emotional distress only if it arises from an actual physical injury. (Dkt. #11, Ex. 13 at 1). Neither defendants nor plaintiff contest that Ms. MacKenzie's damages arose out of her physical contact with plaintiff. However, it cannot be determined from the record before this Court whether there was any evidence presented of actual injury to Ms. Mackenzie. The verdict form simply indicates that jury found that plaintiff's negligence was the proximate cause of "injury or damage" to Ms. Mackenzie, and it awarded her $10,000 for her past and future medical expenses for counseling services, together with $100,000 for all non-economic losses, whether physical or emotional. Under the terms of plaintiff's policy, plaintiff would be covered only if Ms. MacKenzie's claim was brought against plaintiff for personal injury caused by an occurrence. Because State Farm defines "occurrence" as an "accident," this Court must determine whether Ms. MacKenzie's claims against plaintiff stemmed from an "accident."

In Washington, for the purposes of determining insurance coverage, an accident is defined as an "unusual, unexpected, and unforeseen happening." *Grange Ins. Co. v. Brosseau*, 113 Wn.2d 91, 95 (1989). "[A]n accident is never present when a deliberate act is performed unless some additional unexpected, independent and unforeseen happening occurs which produces or brings about the result of injury or death. The means as well as the result must be unforeseen, involuntary, unexpected and unusual." *Grange*, 113 Wn.2d at 96 (quoting *Unigard Mut. Ins. Co. v. Spokane Sch. Dist. 81*, 20 Wn.App. 261, 263-64, 579 P.2d 1015 (1978)).

Plaintiff has identified no unexpected, independent and unforeseen happening which turned the act

ORDER ON CROSS-MOTIONS FOR
SUMMARY JUDGMENT - 6

of consensual sex into an accident which caused injury to Ms. MacKenzie. According to the appeals court, the jury in reaching its verdict must have determined that Ms. MacKenzie's physical and emotional injury arose directly from plaintiff's negligence in failing to verify that her consent to sexual activity was valid and directed toward him. This failure cannot be termed an accident. Thus there was no intervening unforeseen event which caused the injury to Ms. MacKenzie. The Court declines to adopt plaintiff's argument that Ms. MacKenzie's alleged mistake regarding his identity constituted an unforeseen happening that would turn his intended act of consensual sexual relations into an accident within the meaning of the policy.

The Court finds that Ms. MacKenzie's damages did not arise from an accident within the reach of the policy language. Thus defendant had no obligation to defend or provide coverage to plaintiff, and is entitled to summary judgment as a matter of law.

III.  Remaining Claims.

In opposing summary judgment, plaintiff did not present any argument in support of his bad faith, Consumer Protection Act, breach of contract, or other claims. Defendant is entitled to summary judgment on all remaining claims both for plaintiff's failure to present opposition, and because these claims have no merit in light of the Court's ruling on coverage.

CONCLUSION

The act of consensual sexual relations here was not an accident within the terms of the policy language, and defendants thus had no obligation to cover or defend this claim. Accordingly, defendants' motion for summary judgment is GRANTED, and this action is DISMISSED. The Clerk shall enter judgment for defendant in this matter.

Dated this 26th day of April, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON CROSS-MOTIONS FOR
SUMMARY JUDGMENT - 7